## SHEPHERD LEACH versus WILDER WOODS.

After a verdict for the plaintiff in an action of trespass *quare clausum*, an exception was taken to the plaintiff's evidence of title, on a ground, in regard to which no instructions were given to the jury. Such instructions were important, but they were not asked for by the defendant previously to the verdict. It was *held* that the exception came too late; since, if it had been taken during the trial, the plaintiff would have had an opportunity to obviate the objection by further evidence.

If the respective owners of two adjoining lots of woodland not separated by a partition fence, cut trees beyond the boundary line; this mixed possession does not give to each the possession of the strip so cut over, as against a stranger, but the question of possession is to be determined by the true boundary line: nor can the owner of one of the lots regard as a stranger, a person who shows a *primâ facie* title to the other lot, although he do not trace his title to the original owner thereof.

TRESPASS *quare clausum*, for cutting trees in a parcel of uninclosed woodland, which was 50 or 60 rods in length, and about 12 rods in breadth at one end, and running to a point at the other.

At the trial, before *Shaw* C. J., the plaintiff gave in evidence a deed to himself from Caleb Butler, dated January 1, 1825, which included the land in question. This deed was executed by virtue of a license from this Court, authorizing the sale of the land, as the estate of certain minors. Butler testified, that after the execution of the deed, the plaintiff entered and held under it and had cut wood upon the land.

It was stated, that the land sold by Butler, had formerly belonged to one Green, and that the minors derived their title from him by devise ; but neither party gave in evidence any title from Green.

The defendant produced in evidence certain deeds under which he derived his title to a lot of land, of which he contended the land in question was a part, through James Bennet. Much vidence was introduced by each party, tending to show that

39 *

the one or the other side of the gore of land in question was the true boundary between their contiguous lands, and to prove claims of title and acts of ownership, on the part, respectively, of Green, and of those under whom the defendant claimed.

The jury were instructed, that in the absence of proof of an exclusive, uninterrupted and adverse possession of the land for more than twenty years, the question must depend upon the title, the rule being, in such case, that the right of possession follows the right of property ; that the deed from Butler to the plaintiff, which embraced the land in question, constituted a *primâ facie* title ; but that if any of the deeds, under which the defendant claims, of an earlier date than that of Butler to the plaintiff, embraced the land, this would constitute an older and better *primâ facie* title.

It was left to the jury to determine, whether the deed to the defendant did include the land in question.

The jury having rendered a verdict for the plaintiff, the defendant contended, that the jury ought to have been instructed, that as there was evidence tending to show, that Bennet, under whom the defendant claimed, and Green, who was the former owner of the estate now held by the plaintiff, had respectively claimed the land in question, and had occasionally done acts of ownership therein, such claims and acts would be sufficient *primâ facie* evidence of title for either against a mere stranger, although, as between themselves, they constituted a mixed possession and would give neither a right as against the other : and that as the plaintiff did not prove that he derived any title from Green, and gave no evidence of title in himself prior to Butler's deed, he was to be regarded as a mere stranger until that time, and had no right to avail himself of any claims or acts of Green. This point was not presented till after the verdict ; nor was the instruction asked for, when the cause went to the jury ; but the counsel for the defendant stated, that they intended to present it, and believed that the attention of the Court and of the adverse party was called to it. As in the position in which the cause was placed by the evidence, it would have been important for the defendant, that such instruction should have been given, if by law he was entitled to it ; the judge reserved it for the whole Court, to determine,

wnether, according to law and the practice of the Court, this point ought to be considered as reserved. If it ought to be considered as reserved, and if the jury ought to have received such instruction, then the verdict was to be set aside and a new trial granted.

*Lawrence* and *B. Russell* for the defendant. The title which :he defendant derived from Bennet, who had a concurrent possession with Green of the land, was sufficient as against the plaintiff, who is to be considered as a mere stranger. *Newhall* v. *Wheeler*, 7 Mass. R. 189 ; *Langdon* v. *Potter*, 3 Mass. R. 215 ; *Codman* v. *Winslow*, 10 Mass. R. 146 ; *Commonwealth* v. *Dudley*, ibid. 403 ; *Brimmer* v. *The Proprietors of Long Wharf*, 5 Pick. 131 ; Stearns on Real Actions, 38.

As the instruction contended for, was material, and arose necessarily out of the evidence in the case, the omission to instruct the jury on this point, is a sufficient ground for a new trial. *Dudley* v. *Sumner*, 5 Mass. R. 488 ; *Boyden* v. *Moore*, ibid. 365 ; *Page* v. *Pattee*, 6 Mass. R. 459.

*S. Dana* and *Farley*, for the plaintiff, cited *Catteris* v. *Cowper*, 4 Taunt. 547 ; *Jayne* v. *Price*, 5 Taunt. 326.

WILDE J. delivered the opinion of the Court. The exception taken to the plaintiff's evidence of title came rather too late. It ought regularly to have been taken during the trial ; for if it had been, the plaintiff might have had an opportunity to go a step further back in his title, and connect himself with the title of Green. We have, however, considered the exception, and are of opinion that it would not have availed the defendant, if it had been seasonably made. The mixed possession, as it is called, of Green and Bennet, under the circumstances of the case, can have no legal effect in settling the question of possession between the present parties ; that must be determined by their respective titles, or rather by the dividing line between their lots, which are contiguous. Bennet, under whom the defendant claims, never set up any claim to the Green lot, nor did Green claim any title to the Bennet lot ; their cutting over the dividing line respectively, if in fact they did so cut, is to be imputed to mistake, and ignorance of the true running of the dividing line, and is not to affect the question of possession. And besides, the

plaintiff is not to be regarded as a mere stranger, although he did not give Green's title in evidence. He showed a good *primâ facie* title to the Green lot, and it is not pretended there was any gore of land between that lot and the defendant's. So that, after all, the possession must follow the title, and on this ground it was rightly submitted to the jury.

*Motion for new trial overruled.*